STATE *vs.* MICHAEL MIELE.

*Murder; First and Second Degree—Malice—Deadly Weapons—*
*Presumptions—Evidence—Manslaughter—Self-defense—*
*Burden of Proof—Duty to Retreat—Character—*
*Conflicting Evidence—Reasonable*
*Doubt.*

1.    Murder of the first degree is committed where the killing is done with express malice aforethought, with a sedate, deliberate mind and formed design to kill.

2.    Murder of the second degree is where the killing is done with implied malice, as where there was no deliberate mind or formed design to take life or to perpetrate a crime punishable with death, but where the killing was done without justification or excuse, and without sufficient provocation to reduce the offense to manslaughter.

3.    Implied malice is an inference or conclusion of the law from the facts found by the jury. Where the killing was committed under the influence of a wicked and depraved heart, or with cruel and wicked indifference to human life, the law implies malice and makes the offense murder of the second degree.

4.    Malice is implied by law from every cruel act committed by one person against another, however sudden the act may be; for the law considers that he who does a cruel act voluntarily does it maliciously.

5.    Malice is an essential element of the crime of murder, and it must be proved, just as any other material element of the crime.

6.    Without malice there can be no murder.

7.    Where the killing was done with a deadly weapon, malice is presumed in the absence of evidence to the contrary; and the burden of showing the contrary is on the accused.

8.    A deadly weapon is such a weapon as is likely to produce death when used by one person against another.

9.    If death is produced by the use of a deadly weapon, great must be the provocation to reduce the killing from murder to manslaughter.

10.    Manslaughter is committed where one person unlawfully kills another without malice; and to reduce the crime to manslaughter the provocation must be so great as to produce such a transport of passion as to render the person for the time being deaf to the voice of reason.

11.    Manslaughter results not from malice but from unpremeditated and unreflecting passion

12.   The burden of establishing self-defense rests upon the accused.

13.   A slight assault will not excuse or justify the killing of the assailant with a deadly weapon.

14.   In repelling or resisting an assault no more force may be used than is necessary for the purpose, and if the person assailed uses in his defense greater force than is necessary he becomes the aggressor.

15.   Where the deceased first attacked the accused, though the attack was of such character as to create in the mind of accused a reasonable belief of danger of death or great bodily harm, accused must retreat, if he can safely do so, or he must use other reasonable means within his power to avoid killing his assailant.

16.   Where one is attacked and from the character of the attack, he has reasonable cause to believe, and does believe, that he is in imminent danger of death or great bodily harm, and he has no other reasonable means of avoiding death or great bodily harm than to kill his assailant, the killing would be a justifiable act of self-defense.

17.   To justify or excuse one in killing another, it is not sufficient that he, at the time, believed himself to be in danger of death or great bodily harm, but the circumstances must have been such, in the judgment of the jury, as to justify a reasonable man in such belief; and further, that there was no reasonable way of escaping from such danger except by slaying the assailant.

18.   Although the accused committed the first assault on the deceased, if he withdrew from the combat and retreated, with the honest intent to escape, and was pursued and unlawfully assaulted, then his assailants became aggressors, and accused had the right in self-defense to use so much force as was reasonably necessary under the circumstances to repel the attack and protect himself.

19.   If when the accused inflicted the fatal blow upon deceased, he knew, or should have known that deceased had not assaulted him, or if the fatal blow was not necessary to save his life or protect him from great bodily harm, his act was unlawful.

20.   Good character, when proved, must be considered in connection with all the evidence, and be given such weight under the circumstances as in the judgment of the jury it is entitled to.

21.   Where there is conflict in the testimony it is the duty of the jury to reconcile it, if they can; if they cannot, they should accept such testimony as they consider under the circumstances most worthy of credit, having regard to the intelligence or ignorance of the witnesses, their interest or bias, and their opportunity of observing and knowing the things respecting which they testified.

22.   In a criminal case the accused is presumed to be innocent until his guilt is proved beyond a reasonable doubt, and it is incumbent upon the State to prove beyond such a doubt every material element of the crime charged.

23.    If after considering all the evidence the jury should entertain a reasonable doubt of the guilt of the accused, they should acquit him.

24.    A reasonable doubt is not a mere  fanciful, vague or speculative doubt, but a substantial doubt remaining in the minds of the jury after a careful consideration of all the evidence, and such a doubt as  reasonable, fair-minded, conscientious men would entertain under all  the circumstances of the case.

(<em>October</em>  1,  1909.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Andrew C. Gray*, Attorney-General, and *Josiah O. Wolcott*, Deputy Attorney-General, for the State.

*J. Frank Ball* for the prisoner.

INDICTMENT FOR MURDER OF THE FIRST DEGREE.

At a  Court  of  Oyer  and  Terminer,  held at Wilmington, beginning September 30, 1909, Michael  Miele, an Italian, was tried  upon  an  indictment  charging  murder  of the first degree for the felonious killing (by stabbing) of one Vincent  H.  Walker, on  East  Fourth  Street between King and French Streets in the City of Wilmington, on July 14, 1909.   The State asked from the jury only a verdict of murder of the second degree.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—Michael Miele, the prisoner at the bar, is charged in this indictment with murder of the first degree; it being alleged that he did, on the fourteenth day of July, 1909, kill one Vincent H. Walker, in this City, by cutting or stabbing him with a knife; inflicting thereby a mortal wound, from which the said Walker died.

It is not denied by the defendant that he inflicted the blow or wound which caused the death of Vincent H. Walker, but he claims that he committed the act in the necessary and lawful defense of his person.   He contends that he was pursued, struck, knocked down and kicked in the head by several persons, and that when he arose he was in such a mental condition, caused by

such beating and kicking, that he was incapable of thinking intelligently at the time Walker was cut, or of discerning who were attacking him.

It is not necessary for us to explain to you at length what constitutes murder of the first degree, because, although indicted for such crime, the Attorney-General has stated to you that he does not ask for a verdict of guilty of murder of the first degree. We will say, however, in order that you may the more clearly understand what constitutes murder of the second degree, that murder of the first degree is committed where the killing is done with express malice aforethought,—with a sedate, deliberate mind and formed desgin to kill.

The State contends that the prisoner is guilty of murder of the second degree, and it becomes our duty to instruct you with more particularity in respect to such crime.

Murder of the second degree is where the killing is done with implied malice. Implied malice is an inference or conclusion of the law from the facts found by the jury. Murder of the second degree is where there was no deliberate mind or formed design to take life, or to perpetrate a crime punishable with death, but where the killing nevertheless was done without justification or excuse, and without provocation, or without sufficient provocation to reduce the offense to manslaughter. And where the circumstances surrounding the case show that the killing was committed under the influence of a wicked and depraved heart, or with cruel and wicked indifference to human life, the law implies malice and makes the offense murder of the second degree.

Malice is implied by law from every cruel act committed by one person against another, however sudden the act may be, for the law considers that he who does a cruel act voluntarily does it maliciously. Malice is an essential element of the crime charged in this indictment, and it must be proved just as any other material element of the charge. Without malice there can be no murder.

When the killing is shown to have been done with a deadly eapon malice is presumed, in the absence of evidence to the

contrary, and the burden of showing the contrary is on the accused, for the usual and probable consequences of the act are presumed in law to have been intended by the person using the deadly weapon.

A deadly weapon is such a weapon as is likely to produce death, when used by one person against another; such, for example, as a knife, or a piece of wood, of sufficient size to cause death to one who may be struck by it. And if death is produced by the use of a deadly weapon, great must be the provocation to reduce the killing from murder to manslaughter.

Manslaughter is usually committed where one in a sudden affray, in the heat of blood or in a transport of passion, without malice, inflicts a mortal wound, without time for reflection or for the passions to cool. It is where one person unlawfully kills another without malice. In order to reduce the crime to manslaughter the provocation must be very great; so great as to produce such a transport of passion as to render the person for the time being deaf to the voice of reason. While murder proceeds from a wicked and depraved heart and is characterized by malice, manslaughter results not from malice but from unpremeditated and unreflecting passion.

We have been asked by counsel for the prisoner to charge you in respect to the law of self-defense. We will say that a slight assault will not excuse or justify the killing of the assailant with a deadly weapon.

The burden of establishing self-defense to the satisfaction of the jury rests upon the accused.

In repelling or resisting an assault no more force may be used than is necessary for the purpose, and if the person assailed uses in his defense greater force than is necessary he becomes the aggressor.

If the deceased first attacked the accused, even though the attack was of such a character as to create in the mind of the accused a reasonable belief that he was in danger of death or great bodily harm, it was his duty to retreat, if he could safely

do so, or to use such other reasonable means as were within his power to avoid killing his assailant.

No one may take the life of another, even in self-defense, unless there is no other available means of escape from death or great bodily harm.   If one is attacked and from the character of such attack he had reasonable cause to believe, and did believe, that he was in imminent danger of death or great bodily harm, and he had no other reasonable means of avoiding or preventing death or great bodily harm, then the killing of the deceased would be a justifiable act of self-defense.

If, on the other hand, the attack was of a trifling character and manifested no purpose or intention on the part of the assailant to inflict any serious injury, the repelling of such attack by the use of a weapon likely to produce death would not be an act of justifiable self-defense.

In ascertaining whether the accused was in danger of injury at the hands of the deceased when he struck the mortal blow; and, if in such danger, whether he took the proper precautions to avoid such danger, the jury should consider the facts and circumstances of the case as disclosed by the witnesses.

In order to justify or excuse the accused in striking the fatal blow it is not sufficient that he at the time believed himself to be in danger of death or great bodily harm at the hands of the deceased, but the circumstances must have been such, in the judgment of the jury, as to justify a reasonable man in such belief; and further, that there was no reasonable way of avoiding or escaping from such danger except by slaying the assailant.

Even though you should be satisfied that the prisoner committed the first assault, if you should further believe that he withdrew from the combat and retreated, with the honest intent to escape, and was pursued and unlawfully assaulted then his assailants became the aggressors, and the prisoner had the right in self-defense to use so much force as was necessary under the circumstances to repel the attack upon him and protect himself.

If you are satisfied that the prisoner after being so attacked and knocked down arose, and drawing a knife inflicted the fatal

blow upon Walker, when he knew, or should have known, that Walker was not one of the persons who had assaulted him, or if it was not necessary in order to save his life or protect himself from great bodily harm that he should strike the fatal blow, his act was an unlawful one.

If you believe that the prisoner, at the time he cut Walker, was in such a condition, caused by being beaten and kicked about the head, that he was incapable of thinking intelligently or of discerning who the attacking parties were, you should consider such condition in reaching a verdict in the case.

The good character of an accused person, when proved, is to be taken in connection with all the other evidence, and is to be given such weight, under all the facts and circumstances of the case, as in the judgment of the jury it is entitled to.

Where there is conflict in the testimony it is the duty of the jury to reconcile such conflict, if they can. If they cannot, they should accept such testimony as they consider under all the circumstances is most worthy of their credit and belief, having regard to the ignorance or intelligence of the witnesses, their interest or bias, and the opportunity which they had of observing and knowing the things respecting which they testified.

In order to convict the prisoner it is incumbent upon the State to prove beyond a reasonable doubt every material ingredient of the crime charged. In every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If after carefully and conscientiously considering and weighing all the evidence in the case you should entertain a reasonable doubt of the guilt of the prisoner, you should give him the benefit of such doubt, and your verdict should be not guilty. But such a doubt must not be a mere fanciful, vague or speculative doubt, but a reasonable, substantial doubt remaining in your minds after a careful consideration of all of the evidence, and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances proved in the case.

If you are satisfied that the prisoner stabbed the deceased

in necessary and lawful self-defense, as we have defined it to you, your verdict should be not guilty.

If, however, you are satisfied that the prisoner killed the deceased unlawfully, but without malice, your verdict should be guilty of manslaughter.

But if you believe that the prisoner killed the deceased maliciously, without justification or excuse, and without sufficient provocation to reduce the offense to manslaughter, your verdict should be guilty of murder of the second degree.

Verdict, guilty of murder of the second degree.